**NOT FOR PUBLICATION**

**FILED**

JAN 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GRISELDA SELENA ACABAL-TZUN, | No. 19-73004 |
| Petitioner, | Agency No. A202-060-507 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 19, 2022**

Before: SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Griselda Selena Acabal-Tzun, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

her appeal from an immigration judge's ("IJ") decision denying her application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Acabal-Tzun's inconsistent and implausible testimony as to the details of an inter-village fight, and an omission from her testimony about the women of her village being stripped naked. *See id*. at 1048 (adverse credibility determination reasonable under "the totality of circumstances"). Acabal-Tzun's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, Acabal-Tzun's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Acabal-Tzun's CAT claim because it was based on the same testimony found not credible, and the record does not otherwise compel the conclusion that it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Shrestha*, 590 F.3d at 1048-49.

We reject as unsupported by the record Acabal-Tzun's contentions that the IJ erred in her analysis of Acabal-Tzun's credibility and CAT claim.

19-73004

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**